# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY HOWARD GREENWALD, )<br>          )<br>          Petitioner, )<br>  v.      )<br>          )<br>          )<br>BILL LOCKYER, Attorney General of the )<br>State of California, )<br>          )<br>          Respondent. )<br>_____ ) | **No. C 03-4580 WWS**<br><br>**ORDER DENYING PETITION**<br>**FOR WRIT OF HABEAS CORPUS** |

Petitioner, Jeffrey Howard Greenwald, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court issued an Order to Show Cause to Respondent why the petition should not be granted. Respondent addressed the merits of the petition in a timely response, and Petitioner filed a traverse.

After reviewing the papers and the record, the Court finds that Petitioner is not entitled to habeas corpus relief and denies the petition.

## BACKGROUND[1]

On July 6, 2001, Petitioner was arrested on a warrant issued on a complaint alleging violations

---

[1] The background is taken from the facts generally set forth by Petitioner in his petition, to which the Respondent raised neither objection nor denial in his answer, and is supplemented by the record as indicated.

Order Denying Petition for Writ of Habeas Corpus

of California Penal Code sections 653m(a) and (b)[2] against Laurie McCary occurring between February 15, 2001, and March 21, 2001. Petitioner was released upon posting bond.

The police report referred to at least seventeen emails sent from Petitioner to McCary during the period addressed in the complaint. Petitioner does not deny sending the emails, and he admits that he violated both sections of the statute in so doing. Pet'r Mem. in Supp. of Pet. for Habeas Corpus at 32. Petitioner's only argument is that the statute violates his right to free speech under the First and Fourteenth Amendments of the United States Constitution.

Petitioner pled not guilty and filed a motion to dismiss on First and Fourteenth Amendment grounds. Following oral argument on the constitutionality of the statute, the state court judge denied Petitioner's motion. Petitioner filed a petition for writ of mandate in the Appellate Department of the Superior Court, which was denied. The parties and the court then agreed to a "slow plea" with an agreed-upon sentence of two years court probation, a suspended thirty-day county jail sentence, no fine, and a protective order, upon a finding of guilt on either or both counts. Ex. J.

On July 19, 2002, the Superior Court found Petitioner guilty of one count of violation of California Penal Code section 653m(a), and one count of violation of section 653m(b). Petitioner was

---

[2] Sections 653m(a) and (b), under which Petitioner was convicted, provide:
  (a) Every person who, with intent to annoy, telephones or makes contact by means of an electronic communication device with another and addresses to or about the other person any obscene language or addresses to the other person any threat to inflict injury to the person or property of the person addressed or any member of his or her family, is guilty of a misdemeanor. Nothing in this subdivision shall apply to telephone calls or electronic contacts made in good faith.
  (b) Every person who makes repeated telephone calls or makes repeated contact by means of an electronic communication device with intent to annoy another person at his or her residence, is, whether or not conversation ensues from making the telephone call or electronic contact, guilty of a misdemeanor. Nothing in this subdivision shall apply to telephone calls or electronic contacts made in good faith.

Subdivision (g) of section 653m adds:
  (g) For purposes of this section, the term "electronic communication device" includes, but is not limited to, telephones, cellular phones, computers, video recorders, fax machines, or pagers. "Electronic communication" has the same meaning as the term defined in Subsection 12 of Section 1510 of Title 18 of the United States Code.

Order Denying Petition for Writ of Habeas Corpus

sentenced in conformity with the plea agreement. Ex. K.

The Appellate Department affirmed Petitioner's convictions in a reasoned opinion and denied Petitioner's application to transfer the case to the Court of Appeal. Petitioner thereafter filed a petition for state habeas corpus relief, which the Court of Appeal denied. The California Supreme Court denied review.

Petitioner filed the instant petition on October 9, 2003.

## DISCUSSION

*A.    Legal Standard*

This Court will entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).[3]  The court may not grant a petition with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.  "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.

---

[3] Although Petitioner is not currently in prison, Respondent acknowledges that Petitioner is in constructive custody due to his term of probation and suspended sentence pursuant to a valid judgment in *People v. Greenwald*, No. CC110997 (Santa Clara County Sup. Ct. July 19, 2001).

Order Denying Petition for Writ of Habeas Corpus

1  Rather, that application must be "objectively unreasonable." *Id*. at 409; *Lockyer v. Andrade*, 538
2  U.S. 63, 75 (2003).

3        B.      *Constitutionality of California Penal Code Section 653m*

4  Petitioner argues that California Penal Code sections 653m(a) and(b), in their current form, are
5  unconstitutionally overbroad in violation of the First and Fourteenth Amendments of the United States
6  Constitution.

7  A criminal statute may be challenged as unconstitutionally overbroad by way of a petition for a
8  writ of habeas corpus by a prisoner convicted under the statute. *See Vlasak v. Superior Court of*
9  *California*, 329 F.3d 683, 688-89 (9th Cir. 2003). Petitioner argues that sections 653m(a) and (b)
10 are unconstitutionally overbroad on their face and/or as applied to him. A successful challenge to the
11 facial constitutionality of a statute invalidates the statute itself, whereas a successful as-applied challenge
12 renders invalid only the particular application of the statute. *See Foti v. City of Menlo Park*, 146 F.3d
13 629, 635 (9th Cir. 1998).

14 Petitioner argues, at great length, the legal merits of his case. But under AEDPA, it is not
15 enough that this Court's independent review of the legal question leaves the Court with a firm conviction
16 that the state court decision was erroneous. *Andrade*, 538 U.S. 63, 75 (2003). This court may
17 reverse the state court decision only if it was contrary to or involved an unreasonable application of
18 Supreme Court law. 28 U.S.C. § 2254(d)(1).

19 This Court is not aware of, and the parties fail to point out, any Supreme Court case that
20 addresses the constitutionality of a state statute similar to section 653m.[4]  The state court's decision
21 therefore cannot be contrary to a materially indistinguishable Supreme Court decision. Petitioner's
22 claim fits more neatly under the "unreasonable application" clause, whereby Petitioner must show that
23 the state court applied correct legal principles to the facts of his case in an "objectively unreasonable"
24 manner. *Andrade*, 538 U.S. at 75; *Vlasak* 329 F.3d at 687.

---

26  [4] The First Circuit, reviewing an overbreadth claim against a similar Connecticut statute
27 prohibiting telephone calls made with the intent to harass or annoy, upheld the statute, and the United
   States Supreme Court denied the petition for a writ of certiorari. *Gormley v. Dir., Connecticut State*
28 *Dep't of Adult Prob*., 632 F.2d 938 (1st Cir.), *cert. denied*, 449 U.S. 1023 (1980).

Order Denying Petition for Writ of Habeas Corpus

For the reasons discussed below, the Court concludes that Petitioner's claim fails because the state court's decision that sections 653m(a) and (b) are not unconstitutionally overbroad was not an unreasonable application of federal law as determined by the Supreme Court.

### 1. Facial overbreadth

An overbreadth challenge to a statute banning unprotected speech must fail unless "a substantial amount of protected speech is prohibited or chilled in the process." *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 255 (2002). "[T]he mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge." *City Council v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984).[5] The Supreme Court has stated that

> the overbreadth doctrine is not casually employed. Because of the wide-reaching effects of striking down a statute on its face at the request of one whose own conduct may be punished despite the First Amendment, we have recognized that the overbreadth doctrine is strong medicine and have employed it with hesitation, and then only as a last resort.

*Los Angeles Police Dep't v. United Reporting Publ'g Corp.*, 528 U.S. 32, 39 (1999) (internal quotation marks omitted).

#### a. The state court decision

The Appellate Department supplied the only written opinion in the record. In its opinion, the Appellate Department relied on *People v. Hernandez*, 231 Cal. App. 3d 1376 (1991), in concluding that section 653m is not unconstitutionally overbroad. In *Hernandez*, the court applied the principles of *Broadrick v. Oklahoma*, 413 U.S. 601 (1973), a leading Supreme Court case on overbreadth of statutes involving expressive conduct, in examining the prior version of section 653m, which dealt only with telephone calls. *Hernandez*, 231 Cal. App. 3d at 1381. In *Hernandez*, the court correctly noted that where conduct and not merely speech is involved, "the over-breadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Id.* (quoting *Broadrick*, 413 U.S. at 615); *see also Edwards v. City of Coeur d'Alene*, 262 F.3d 856, 862 (9th

---

[5]Petitioner, in fact, provides numerous examples of situations where he claims the statute infringes on protected speech. Pet'r Mem. in Supp. of Habeas Corpus at 18-22. Many of the examples would not fall under the coverage of the statute. In any event, if a prosecution were to arise in connection with protected conduct, an as-applied attack is more appropriate at that time. *See Broadrick*, 413 U.S. at 609.

1  Cir. 2001) (holding that whether a statute is overbroad as to speech conduct depends on whether the
2  restrictions of the statute are (1) content-neutral; (2) narrowly tailored to serve a significant
3  governmental interest; and (3) leave open ample alternative means of communication) (citing *Frisby v.*
4  *Schultz*, 487 U.S. 474, 481 (1988)).

5  Consistent with *Broadrick* and other overbreadth cases, the court in *Hernandez* held that: (1)
6  section 653m is not directed at particular groups or viewpoints (it is content-neutral); (2) the protection
7  of innocent individuals from fear, abuse or annoyance at the hands of persons who employ
8  communication devices for noncommunicative, unjustifiable purposes is a compelling interest (significant
9  governmental interest); and (3) the statute is narrowly drawn to prohibit only limited kinds of
10 communications (narrowly tailored to allow alternative means of communication). *Hernandez*, 231
11 Cal. App. 3d at 1381.  *Hernandez* thus applied the correct legal principles in a manner that is
12 consistent with Supreme Court law and the persuasive authority of the Ninth Circuit. *See Broadrick*,
13 413 U.S. at 615; *Edwards*, 262 F.3d at 862.

14 Because *Hernandez* did not involve an unreasonable application of Supreme Court law, this
15 Court cannot hold unreasonable the Appellate Department's reliance on *Hernandez* in holding that the
16 prior version of section 653m was not unconstitutionally overbroad.

17                  b.        Clearly established Supreme Court law

18 Petitioner's argument for overbreadth therefore hinges solely on the amendment of the statute to
19 encompass communication by means of electronic communication, such as email.  Petitioner's argument
20 appears to be that *Reno v. American Civil Liberties Union*, 521 U.S. 844 (1997), is clearly
21 established Supreme Court precedent that requires striking down section 653m because of its
22 expansion to include electronic communications.

23 In *Reno*, the Supreme Court struck down provisions of the Communications Decency Act of
24 1996 ("CDA"), 47 U.S.C. § 223(a)(1)(B) & (d).  The CDA prohibited the knowing transmission of
25 obscene or indecent messages, as well as the knowing display of patently offensive messages to any
26 person under the age of eighteen.  521 U.S. at 859-60.  The Court found that the provisions were
27 content-based restrictions and "place[d] an unacceptably heavy burden on protected speech." *Id*. at
28 882.  The Court struck down the provisions as vague because the CDA failed to define the terms

Order Denying Petition for Writ of Habeas Corpus

"indecent" and "patently offensive." *Id*. at 871-79. The Court also found the statute to be overbroad because the undefined terms "indecent" and "patently offensive" "cover large amounts of nonpornographic material with serious educational or other value," *id*. at 877, and because the CDA provided for no effective method to prevent minors from obtaining access to communications on the Internet without also denying access to adults, thereby curtailing a significant amount of adult communication. *Id*. at 871-79.

In contrast to the content-based, vague and overbroad provisions invalidated in *Reno*, section 653m is not content-based and is narrowly tailored to prohibit only communications made with the intent to annoy, which include obscenities or threats to the person or property of the recipient, CAL. PENAL CODE § 653m(a), or which are sent to the recipient at his or her residence. CAL. PENAL CODE § 653m(b).

Notwithstanding that *Reno* is inapposite, Petitioner argues that *Reno* requires striking down section 653m because email and other Internet communications do not invade privacy, as a matter of law, as does a telephone call. Mem. in Supp. of Pet. for Habeas Corpus at 8-10; Mem. in Supp. of Traverse at 10.[6] Specifically, Petitioner relies on *Reno* for the proposition that "communications over the Internet do not 'invade' an individual's home or appear on one's computer screen unbidden." *Id*. at 868-69. However, the Supreme Court made this statement in the context of describing how accessing sexually explicit images on the Internet requires certain affirmative steps by the user, while words or images broadcast over radio or television are more invasive because they may occur relatively unbidden. *Id*. at 869. There is a difference between affirmatively accessing a sexually explicit website on the Internet and merely receiving email. Unlike information that is posted for others to proactively

---

[6]For example, Petitioner argues that "It is safe to say that it is very unlikely anyone has ever been rudely awakened by an email." Pet'r Mem.. in Supp. of Pet. for Habeas Corpus at 34. However, the court's upholding of the constitutionality of section 653m in *Hernandez* was not premised upon merely protecting people from the invasive ring of the telephone; rather, the statute's purpose is to protect people from the harassment and/or annoyance that result from the abuse of certain forms of communication, and to secure an individual's general right to privacy against unwanted intrusions. *See Hernandez*, 231 Cal. App. 3d at 1384. There is no support or authority for Petitioner's argument that communications must come in the form of a telephone ring in order to qualify as harassing, annoying, or invasive of an individual's right to privacy.

Order Denying Petition for Writ of Habeas Corpus

access and view via the Internet, an email is a communication sent directly to the recipient, which, like a telephone call, sometimes makes its arrival known through some type of prompt. *See Reno*, 413 U.S. at 851. Electronic communications such as emails are properly covered by section 653m because they, like telephone calls, involve a type of direct contact with the recipient in a manner that may be harassing if done to annoy rather than to communicate, and if sent to the recipient at his or her residence or accompanied by threats or obscenities.[7] Thus, *Reno* does not directly apply or require striking down section 653m, and the state court's decision upholding section 653m in light of its amendment to include electronic communications was not an unreasonable application of federal law.

2.   Overbreadth as applied to Petitioner

Petitioner argues that all of the items attached to the police reports are examples of constitutionally protected speech and that sections 653m(a) and (b) are unconstitutional as applied to him.

Under *United States v. O'Brien*, an ordinance regulating expressive conduct withstands an as-applied challenge if (1) it is within the constitutional power of the government; (2) it furthers an important or substantial government interest; (3) the government interest is unrelated to the suppression of free expression; and (4) the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest. *Vlasak*, 329 F.3d at 691. This test is nearly identical to the test for facial challenges. *Id*.

Section 653m, as applied to Petitioner, satisfies the *O'Brien* test. Concerning the first three

---

[7]Petitioner argues that section 653m must be struck down because the term "obscene," as used in the statute, has been construed by California courts to mean the dictionary definition of "obscene" rather than the constitutionally unprotected "obscenity," as defined by the United States Supreme Court in *Miller v. California*, 413 U.S. 15 (1973). *See Hernandez*, 231 Cal. App. 3d at 1384-87. However, even if section 653m regulates protected speech, statutes regulating conduct associated with protected speech are constitutional if they are content neutral, narrowly tailored to serve a significant government interest, and leave open ample alternative means of communication. *Edwards*, 262 F.3d at 862. As discussed above, the state court's determination that section 653m meets these requirements was not objectively unreasonable.

Additionally, some of Petitioner's emails to McCary contain threats to her property, if not her person, and thus constitute a violation of section 653m(a) separate from any use of obscenity. Ex. A at 14-15, 42.

Order Denying Petition for Writ of Habeas Corpus

requirements of the *O'Brien* test, and as discussed previously, the State of California has a valid and important interest, unrelated to the suppression of free speech, in protecting its citizens from unwarranted invasions of privacy. *See Rowan v. Post Office Dep't*, 397 U.S. 728, 736-38 (1970); *Hernandez*, 231 Cal. App. 3d at 1384. As to the fourth requirement, sections 653m(a) and (b) impose no greater restriction on First Amendment freedoms than necessary because the statute is narrowly drawn to prohibit only limited kinds of communication. *See Hernandez*, 231 Cal. App. 3d at 1381.

Specifically, section 653m(a) only prohibits conduct by persons that employ communicative devices, not to communicate ideas, but rather, for unjustifiable purposes such as relaying obscenities or threats to the recipient with the intent to annoy the recipient. *See Hernandez*, 231 Cal. App. 3d at 1381; CAL. PENAL CODE § 653m(a). Under section 653m(a), communications sent with the intent to annoy are lawful as long as they do not include threats or obscenities. And communications with threats or obscenities do not violate section 653m(a) if they are not made with the intent to annoy, but rather, for a legitimate, expressive purpose. The narrowly-drawn statute meets the compelling need of society to protect individuals from harassment and annoyance, while still leaving sufficient "breathing space" for expression. *Broadrick*, 413 U.S. at 611-12.[8]

Section 653m(b) only prohibits conduct by persons who employ communicative devices repeatedly with the intent to annoy the recipient at his residence. The Supreme Court has repeatedly held that the fact that "we are often captives outside the sanctuary of the home and subject to objectionable speech and other sound does not mean we must be captives everywhere. The asserted

---

[8] Petitioner cites *Cohen v. California*, 403 U.S. 15 (1971), and other authorities repeatedly for the proposition that annoying speech is nevertheless protected speech. Pet'r Mem. in Supp. of Pet. for Habeas Corpus at 14-15. "Without doubt . . . communication is imperative to a healthy social order. But the right of every person 'to be let alone' must be placed in the scales with the right of others to communicate." *Rowan*, 397 U.S. at 736. The statutes at issue in Petitioner's cited cases, which infringe on general expression in public fora, are different from the statute at issue in this case, which was enacted to protect individuals from invasion of their privacy by prohibiting direct, harassing communications containing obscenities or threats. Petitioner also argues that many of his emails merely contain Bible verses or song lyrics. However, Petitioner was not prosecuted for sending Bible verses or song lyrics, but rather, for sending repeated emails with the intent to annoy and for sending emails containing obscenities and threats with the intent to annoy.

Order Denying Petition for Writ of Habeas Corpus

1 right of a mailer, we repeat, stops at the outer boundary of every person's domain." *Rowan*, 397 U.S.
2 at 738 (internal quotation marks and citation omitted); *see also Hill v. Colorado*, 530 U.S. 703, 717
3 (emphasizing the Court's repeated recognition of the "right to be let alone," and stating that this "right to
4 avoid unwelcome speech has special force in the privacy of the home").

## CONCLUSION

Because no clearly established federal law requires striking down section 653m, the state court's decision affirming Petitioner's convictions did not involve an unreasonable application of federal law.  28 U.S.C. § 2254(d).  The petition for writ of habeas corpus is **DENIED**.

DATED: June 6, 2005

      /s/ William W Schwarzer
WILLIAM W SCHWARZER
SENIOR UNITED STATES DISTRICT JUDGE

Order Denying Petition for Writ of Habeas Corpus